# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>For the use and benefit of<br>Bonitz Flooring Group n/k/a Bonitz, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>MSK Construction, Inc., United Fire and<br>Casualty Company,<br><br>Defendants | C/A#:   2:24-cv-01089-RMG<br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

COMES NOW Plaintiff, United States of America for the use and benefit of Bonitz Flooring Group n/k/a Bonitz, Inc., ("Bonitz") and would respectfully show unto this Court the following:

## <u>JURISDICTION</u>

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and the provisions of the Miller Act, 40 U.S.C. §3131 et seq.  This Court has pendent jurisdiction and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

## <u>VENUE</u>

2.    The contract at issue was performed and executed in the State of South Carolina, and venue is proper pursuant to 28 U.S.C. §1391(b)(2).

3.    Assignment to the Charleston Division is proper as a substantial part of the events giving rise to the claims alleged in this complaint occurred and/or arose in Charleston County, South Carolina.

1

## PARTIES

4.      Bonitz Flooring Group n/k/a Bonitz, Inc., ("Bonitz") was a corporation organized and existing under the laws of the State of South Carolina and at all times relevant hereto was doing business in Charleston County, South Carolina.

5.      Upon information and belief, Defendant MSK Construction, Inc., ("MSK") is a corporation organized and existing under the laws of the State of Delaware and doing business in Charleston County, South Carolina.  MSK maintains a registered agent for purposes of accepting service registered with the South Carolina Secretary of State.  MSK's registered agent is Sarah Marshall with an address of 1920 Dunbar Street, Suite C, Charleston, South Carolina 29407.  See **Exhibit A**.

6.      Upon information and belief, Defendant United Fire and Casualty Company (hereinafter referred to as "United Fire") upon information and belief, is a corporation organized and existing under the laws of a state other than South Carolina and is authorized to transact surety business in the State of South Carolina by the South Carolina Department of Insurance.

7.      This action arises out of a government contract (the "Prime Contract") for construction in Charleston, South Carolina.

8.      The construction project is known as the VA Pharmacy 1st Floor Construction Project and located at 109 Bee Street, Charleston South Carolina 29403 (the "Project").

9.      The Project involves a contract sum in excess of Twenty-Five Thousand and 00/100 Dollars ($25,000.00).

## FACTS

10.     On or about September 28, 2018, MSK entered into the Prime Contract with the Department of Veterans Affairs (the "VA") to perform construction, including labor and materials, relating to the Project.

11.     As required by the Prime Contract with the VA and pursuant to the requirements of the Miller Act, MSK purchased a payment bond numbered 54-219904 from United Fire dated October 9, 2018 (the "Bond"). A copy of the Bond is attached hereto as **Exhibit B** and incorporated herein by reference. By its terms, the bond obligates United Fire, jointly and severally, to pay all persons furnishing labor, materials, or both, in furtherance of construction on the Project.

12.     On or about February 15, 2019, MSK entered into an agreement (the "Flooring Agreement") wherein Bonitz would procure, order, store, and install certain unique flooring materials (the "Materials") for the benefit of the Project in exchange for certain sums.

13.     On or about October 6, 2021, MSK entered into an agreement (the "Framing Agreement") wherein Bonitz would furnish and perform certain labor including, but not limited to, cold form metal framing, gypsum board, non-structural metal framing, and upfit framing material installation, (the "Labor") at the Project in exchange for certain sums.

14.     The Materials and the Labor shall be collectively referred to as the "Work." The two (2) agreements encompassing the Labor and the Materials shall be collectively referred to as the "Subcontract."

15.     MSK directed and notified Bonitz that the Project required specific, custom, special, and/or unique Materials, including certain flooring materials, for the purpose and benefit

of the Project. Bonitz was required to purchase and store the Materials prior to installation at the Project.

16.     At all times relevant to the completion of the Work, Bonitz acted either pursuant to the Subcontract or otherwise at the express insistence, request, and/or direction of MSK for MSK's benefit and the Project's benefit.

17.     To date, Bonitz has provided all Work requested of it, including purchase and storage of the specific and unique Materials for the Project that cannot otherwise be used.

18.     Following purchase and storage of certain Materials, MSK notified Bonitz that the Project no longer required the Materials and attempted to descope these Materials from the Subcontract.

19.     Given the unique nature of the Materials, the Materials cannot be utilized on other construction projects and cannot be returned or refunded by the supplier furnishing the Materials.

20.     There remains due and owing to Bonitz the principal amount of One Hundred Fifty-Nine Thousand One Hundred Seventy-One and 11/100 Dollars ($159,171.11) (the "Amount") for said Work for the benefit of the Project.

21.     Despite receipt of invoices for Materials purchased and stored specifically for the benefit of the Project and for Labor performed for the benefit of the Project, Defendants MSK and United Fire refuse to pay the account balance due and owed for the Work performed, supplied, and/or furnished for the benefit of the Project by Bonitz.

22.     MSK has breached the Subcontract by failing to pay Bonitz for all sums due and owing, despite demand having been made therefore.

23.     MSK has realized the benefit of the Work and in it would be inequitable for MK to retain the benefit of Bontiz's Work without paying Bonitz the above-referenced reasonable

value thereof in the principal amount of One Hundred Fifty-Nine Thousand One Hundred Seventy-One and 11/100 Dollars ($159,171.11), or such other and/or additional amounts as may be proven.

24.     By correspondence dated February 29, 2024, Bonitz made demand to MSK and United Fire for payment including a demand for payment under §27-1-15 of the Code of Laws of South Carolina as well as the Miller Act, 40 U.S.C.A. §3131, et. seq. ("Demand Letter").  A copy of the Demand Letter is attached hereto and incorporated herein by reference as **Exhibit C**.

25.     MSK and United Fire are liable to Bonitz for all amounts sought in this action pursuant to the Payment Bond and applicable provisions of the Miller Act.

26.     More than ninety (90) days has elapsed since the Work was last furnished by Bonitz for use and benefit of the Project.

27.     All conditions precedent to bringing this action have been performed, have occurred, and/or have been waived.

28.     Bonitz is entitled to a judgment against Banker and United Fire in the principal amount of One Hundred Fifty-Nine Thousand One Hundred Seventy-One and 11/100 Dollars ($159,171.11), or such other and/or additional amounts as may be proven, together with prejudgment interest on all or portions thereof as allowed by law, and for the costs of this action.

## FOR A FIRST CAUSE OF ACTION
### (Miller Act Payment Bond – United Fire)

29.     Bonitz realleges and incorporates herein the preceding allegations of its Complaint as if fully stated verbatim herein.

30.     MSK obtained the payment Bond for the Project in which it was designated as the principal from United Fire as surety on the bond which stated a penal sum of Five Million Six

Hundred Ninety-Five Thousand and 00/100 Dollars ($5,695,000.00). A copy of the Payment Bond is attached hereto as **Exhibit B**.

31.     As surety under the Bond, United Fire guaranteed and payment of all MSK's obligations under any contract or subcontract, including the Subcontract, associated with the Project.

32.     Given Bonitz's roles as both a contractor that furnished Materials and performed Work for use, incorporation, and benefit of the Project, Bonitz is entitled to protection and coverage as a claimant under the Bond.

33.     Upon information and belief, by the terms of the Bond, MSK and United Fire are obligated to pay Bonitz the amount due and owing to Bonitz.

34.     By correspondence dated February 29, 2024, Bonitz placed United Fire on notice of its claim and its prior demands issued by Bonitz to MSK and Surety pursuant to §27-1-15 of the Code of Laws of South Carolina, demanding the balance then due.

35.     To date, United Fire, without any justification, continues to contest and has refused to pay for the Labor performed by Bonitz on the Project.

36.     To date, United Fire, without any justification, continues to contest and has refused to pay for the Materials, including all storage and purchase costs incurred by procuring these unique materials, incurred by Bonitz for the benefit of the Project.

37.     United Fire has failed to fulfill its obligations under the Bond to pay Bonitz for the Work, including Labor and Materials, performed, supplied, and/or furnished on the Project.

38.     Bonitz is entitled to payment from defendant United Fire in the amount of One Hundred Fifty-Nine Thousand One Hundred Seventy-One and 11/100 Dollars ($159,171.11), pursuant to the Miller Act, 40 U.S.C. §3133.

39.    Further, Pursuant to §27-1-15 of the Code of Laws of South Carolina United Fire was required to conduct a reasonable investigation of Plaintiff's claim for payment.  United Fire's failure to make payment following demand was unreasonable and, accordingly pursuant to §27-1-15 United Fire is also liable for attorneys' fees and interest on the principal balance at the judgment rate in a manner consistent with South Carolina statutory and common law.

## FOR A SECOND CAUSE OF ACTION
(§27-1-15 Claim – MSK & United Fire)

40.    Bonitz realleges and incorporates herein the preceding allegations of its Complaint as if fully stated verbatim herein.

41.    Pursuant to the aforementioned Demand Letter, Bonitz, by certified mail, return receipt requested, demanded payment, pursuant to §27-1-15 of the Code of Laws of South Carolina, from MSK and United Fire for the amount due at the time of the notice, One Hundred Fifty-Nine Thousand One Hundred Seventy-One and 11/100 Dollars ($159,171.11).

42.    MSK and United Fire are required to conduct a reasonable investigation into the claim and pay it. To date, MSK and United Fire have failed to make payment following the aforementioned demand, and its failure to make payment was unreasonable.

43.    Further, Pursuant to §27-1-15 of the Code of Laws of South Carolina United Fire and MSK were required to conduct a reasonable investigation of Plaintiff's claim for payment. United Fire and MSK's failure to make payment following demands were unreasonable and, accordingly pursuant to §27-1-15 United Fire and MSK are liable for attorneys' fees and interest on the principal balance at the judgment rate in a manner consistent with South Carolina statutory and common law.

44.    WHEREFORE, Bonitz Flooring Group n/k/a Bonitz, Inc. prays as follows:

A.      For judgment against Defendant United Fire and Casualty Company pursuant to Bonitz's First Cause of Action hereof in the amount of One Hundred Fifty-Nine Thousand One Hundred Seventy-One and 11/100 Dollars ($159,171.11) plus attorney's fees and interest going forward in a manner consistent with South Carolina's statutory and common law until the aforementioned amount is paid in full;

B.      For judgment against Defendant MSK Construction, Inc., and Defendant United Fire and Casualty Company pursuant to Bonitz's Second Cause of Action hereof for Bonitz's attorney's fees and interest on the balance of One Hundred Fifty-Nine Thousand One Hundred Seventy-One and 11/100 Dollars ($159,171.11) in a manner consistent with South Carolina's statutory and common law;

C.      For pre-judgment interest, post-judgment interest, costs, and attorneys' fees; and

D.      For such other and further relief as the Court may deem to be just and appropriate.


March 1, 2024                              s/W. Duffie Powers
Greenville, South Carolina                W. Duffie Powers (Fed. Bar No. 9738)
                                          Kyle D. McGann (Fed. Bar No. 12796)
                                          GALLIVAN, WHITE & BOYD, P.A.
                                          55 Beattie Place, Suite 1200
                                          Post Office Box 10589 (29603)
                                          Greenville, SC  29601
                                          (864) 271-9580
                                          (864) 271-7502 FAX

                                          Attorneys for Plaintiff
                                          Bonitz Flooring Group n/k/a Bonitz, Inc.,